JOSEPH P. VALONIS, PLAINTIFF-APPELLANT, v. THE MAYOR AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF CINNAMINSON, A MUNICIPAL CORPORATION IN THE COUNTY OF BURLINGTON AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 14, 1960—Decided June 28, 1960.

Before Judges PRICE, GAULKIN and FOLEY.

*Mr. Louis C. Portella* argued the cause for plaintiff-appellant (*Mr. Salvatore J. Avena,* attorney.)

*Mr. Robert W. Criscuolo* argued the cause for defendants-respondents (*Messrs. Parker, McCay and Criscuolo,* attorneys).

PER CURIAM. In the previous appeal in this case, reported in 54 *N. J. Super.* 567 (*App. Div.* 1959), one of plaintiff's contentions was that, if the Law Division had no jurisdiction, it should have transferred the matter to the County Court. We agreed and so ordered. After the remand the County Court held that the case must be dismissed because plaintiff had failed to give "written notice of an application" for review of his dismissal "to the officer or board convicting the member of the police department * * * within 10 days after notice of such conviction is given," as required by *N. J. S. A.* 40:47–10.

The plaintiff contends that this action by the County Court was contrary to our previous opinion, pointing to that portion of the opinion which says (54 *N. J. Super.,* at *p.* 569):

"* * * His complaint in the Superior Court action was filed on August 22, 1957. *N. J. S. A.* 40:47–10 provides for a ten-day period within which an appeal may be taken to the County Court. Therefore, the time factor is no limitation upon a transfer pursuant to *R. R.* 1:27D."

However, the absence of the notice required by *N. J. S. A.* 40:47–10 was not presented to us in the previous case.

Plaintiff does not deny that the giving of such notice is a mandatory prerequisite to review. See *Borough of Park Ridge v. Salimone,* 36 *N. J. Super.* 485, 491–492 (*App. Div.* 1955), affirmed 21 *N. J.* 28, 46–47 (1956); *City of Wildwood v. Neiman,* 44 *N. J. Super.* 209 (*App. Div.* 1957); cf. *Borough of Jamesburg v. Hubbs,* 6 *N. J.* 578 (1951). It now appears that, although the complaint was filed in the Law Division on August 22, within ten days after plaintiff's dismissal on August 12, no written notice such as is required by *N. J. S. A.* 40:47–10 was given, and the summons and complaint out of the Law Division were not served upon the township until September 6. The judgment appealed from must therefore be affirmed. No costs.